```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         LAFAYETTE DIVISION


THE CINCINNATI INSURANCE          )
COMPANIES a/s/o GERALD and        )
MERILOU JACKSON,                  )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )  Case No. 4:05 cv 49
                                  )
HAMILTON BEACH/PROCTOR-SILEX,     )
INC., KELLOGG COMPANY,            )
                                  )
          Defendants              )
```

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss Counts I, II, IV, and V of the Complaint filed by the defendant, Hamilton Beach/Proctor-Silex, on August 15, 2005. For the reasons set forth below, the motion is **GRANTED** as to Count I and Count V, the motion to dismiss Count II is **GRANTED WITHOUT PREJUDICE**, and the motion to dismiss Count IV is **DENIED**.

Background

Plaintiffs Gerald and Merilou Jackson (the "Jacksons") purchased a toaster manufactured by Hamilton Beach. Around June 30, 2003, while using it to toast a Kellogg's Pop Tart, the Jackons' home caught fire. The fire destroyed their home and personal property and resulted in a payment by their insurer, Cincinnati Insurance Companies ("Cincinnati"), in the amount of $277,000.

Cincinnati, as subrogee of Gerald and Merilou Jackson, filed this Complaint alleging that the fire originated in the toaster and that both the toaster and the Pop Tart were proximate causes

of the fire. The Jacksons asserted five claims each against both Kelloggs, as the manufacturer of the Pop Tart, and Hamilton Beach, as the toaserís manufacturer. The counts asserted against Hamilton Beach include Negligence (Count I), Breach of Warranty (Count II), Strict Liability (Count III), violation of the Magnuson-Moss Warranty Act (Count IV), and Negligent Failure to Recall (Count V).

Hamilton Beach seeks to dismiss Counts I, II, IV and V of the Jacksonsí Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(c).  Hamilton Beach seeks dismissal of the negligence claims and the warranty claims on the grounds that the Indiana Product Liability Act ("IPLA"), I.C. ß34-20-1-1 *et seq.*, subsumes these claims. Hamilton Beach seeks dismissal of the Jacksons' claim under the Magnuson-Moss Warranty Act, 15 U.S.C. ß 2301 *et seq.*, on the grounds that, without an underlying, state-based warranty claim, there can be no recovery under the Act. Finally, Hamilton Beach seeks dismissal of the negligent failure to recall claim on the grounds that the claim is without basis in Indiana law, and as a negligence claim, also is subsumed into the IPLA.

### Discussion

Rule 12(b)(6) allows for dismissal of a complaint that fails to state a claim for which relief can be granted. A complaint may be dismissed in accordance with Rule 12(b)(6) if it is beyond a doubt that the plaintiff can prove no set of facts on which relief may be granted. *See* **Patel v. City of Chicago**, 383 F.3d

2

569, 572 (7th Cir. 2004); *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 981 (7th Cir. 2004); *Flannery v. Recording Industry Association*, 354 F.3d 632, 637 (7th Cir. 2004). *See also* *U.S. v. Wood,* 925 F.2d 1580, 1581 (7th Cir. 1991)("A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss.").

In considering a motion to dismiss the court will look only at the pleadings and will accept as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom.

When exercising diversity jurisdiction, the court applies state substantive law and federal procedural law. *Ritchie v. Glidden Company*, 242 F.3d 713, 720 (7th Cir. 2001). *See also Fidelity National Title Insurance Co. of New York v. Intercounty National Title Insurance Co.*, 412 F.3d 745, 750 (7th Cir. 2005) ("The Federal Rules of Civil Procedure, not state procedural rules, govern in diversity, as they do in federal-question, cases in federal district courts."). Indiana Law governs the substantive issues of the partiesí dispute and consequently implicates the Indiana Product Liability Act.

The IPLA states:

>    1. This article governs all actions that are:
>
>        (1) brought by a user or consumer;
>
>        (2) against a manufacturer or seller;
>        and

3

    (3) for physical harm caused by a
     product;

  regardless of the substantive legal theory or
  theories upon which the action is brought.

  I.C. ß34-20-2-1

The IPLA is a codification of the common law doctrine of strict liability, through which the Indiana legislature intended to preempt the field of strict liability in tort. ***Koske v. Townsend Engineering Co.***, 551 N.E.2d 437, 442 (Ind. 1990). After amendments to the Act in 1995, it is "clear the legislature intended that the [A]ct govern all product liability actions, whether the theory of liability is negligence or strict liability in tort." ***Stegemoller v. ACandS, Inc.***, 767 N.E.2d 974, 975 (Ind. 2002); ***Burt v. Mikita USA Inc.***, 212 F.Supp.2d 893, 897 (N.D. Ind. 2002) Though the Act describes separate proof schemes derived from strict liability and negligence standards, the Act itself provides for a single cause of action when a consumer seeks to recover from a manufacturer or seller for physical harm. ***In re Lawrence W. Inlow Accident Litigation***, No. IP 99-0830-C H/K, 2002 WL 970403 at * 12 (S.D. Ind. Apr. 16, 2002)(stating that the Act is "applicable to all actions for physical harm brought by a consumer against a manufacturer or seller of a product, regardless of the substantive legal theory.")(citations and quotations omitted); ***Tungate v. Bridgestone Corp.***, No. IP 02-0151-C H/K, 2004 WL 771191 at *6 (S.D. Ind. March 26, 2004).

  Hamilton Beach and the Jacksons, generally, do not dispute the application of the IPLA to the Jacksons' allegations. The

4

parties' differences emerge with respect to whether, according to the IPLA, the Jacksons' negligence claims may be brought independently of their strict liability claims. In pleading the negligence and strict liability counts, the Jacksons allege the same basic facts regarding the design and manufacture of the toaster and describe the same resulting physical harm from its alleged malfunction. Each count aligns with the requirements of I.C. ß34-20-2-1 with an identical set of facts. Each claim is asserted by the same consumer against the same manufacturer for the same physical harm caused by the same product. Though the Jacksons have alleged underlying theories that include design defects, manufacturing defects, and negligence, the Act explicitly states that it governs "regardless of the substantive legal theory upon which the action is brought." Consequently, the Jacksons' negligence claim (Count I) duplicates the strict liability claim (Count III). *See* **Tungate**, 2004 WL 771191 at *6 ("Plaintiffs' negligence claim is therefore incorporated with their strict liability claim to form one product's liability claim under the IPLA.").

Count V of the Jacksons' complaint, alleging Hamilton Beach's negligence in failing recall the toaster, also is subsumed into the strict liability claim. **Tober v. Graco Children's Products, Inc**., No. 1:02-CV-1682-LJM-WTL, 2004 WL 1987239 at *9 (S.D. Ind. July 28, 2004)(noting that no Indiana state law cases indicate the existence of a separate negligent recall cause of action) *aff'd* 431 F.3d 572 (7th Cir. 2005).  *See* **Dague v. Piper**

5

*Aircraft Corp.*, 418 N.E.2d 207, 212 (Ind. 1981)(concluding that failure to warn claims are based on a theory of negligence and covered by the IPLA.)  Consequently, Hamilton Beach's motion to dismiss Counts I and V is granted.

Hamilton Beach next argues that the Jacksons' breach of warranty claim "sounds in tort" and is indistinct from their strict liability claim under the IPLA. The Jacksons respond that their breach of warranty claim does not sound in tort and instead arises under Indiana's version of the Uniform Commercial Code.

Indiana courts regard claims for breach of implied warranty sounding in tort as redundant with strict liability claims. *Spangler v. Sears, Roebuck & Co.*, 752 F.Supp. 1437, 1449 (S.D. Ind. 1990)("[A] count based on tortious breach of implied warranty [duplicates] a count based on strict liability in tort and both counts may not be pursued in the same lawsuit.")(*quoting* *Thiele v. Faygo Beverage, Inc*., 489 N.E.2d 562, 584 (Ind. App. 1986). *See also* *Henderson v. Freightliner LLC*, No. 1:02-CV-01301DFH-WTL, 2005 WL 775929 at *3 (S.D. Ind. March 24, 2005).

However, claims under the IPLA are independent from breach of warranty claims alleged under Indiana's adoption of the Uniform Commercial Code. I.C. ß26-1 *et seq.*; *Hitachi Construction Machinery Co., Ltd. V. Amax Coal Company*, 737 N.E.2d 460, 465 (Ind. App. 2001) ("Furthermore, [t]he adoption of the Products Liability Act did not vitiate the provisions of the U.C.C."). Indiana courts at times had distinguished breach of implied warranty claims sounding in tort from Uniform Commercial Code

6

warranty claims on the basis of whether the parties were in privity. *See* **Thiele**, 489 N.E.2d at 581 ("[I]nasmuch as the plaintiff and defendant-seller were not in privity of contract, we may assume the count was in tort."); **Avery v. Mapco Gas Products Inc**., 848 F.Supp 1388, 1396 (N.D. Ind. 1991)(noting that privity no longer is necessary in a tort-based action but is required under the U.C.C. for a contract based on breach of warranty.).  A lack of privity, however, no longer precludes a buyer from asserting a claim for damages based upon a manufacturer's breach of warranty under Indiana's Uniform Commercial Code. **Hyundai Motor America Inc. v. Goodin**, 822 N.E.2d 947, 959 (Ind. 2005).

As described by the Uniform Commercial Code, "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."  I.C. §26-1-2-313; **Paper Manufacturers Company v. Rescuers, Inc.**, 60 F.Supp.2d 869, 882 (N.D. Ind. 1999). An implied warranty of merchantability is created in every sale "if the seller is a merchant with respect to goods of that kind." I.C. §26-1-2-314(1); **Frantz v. Cantrell**, 711 N.E.2d 856 (Ind. App. 1999). The breach of either warranty permits the buyer to seek recovery based on the damage to the goods and the incidental and consequential damages resulting from the breach. I.C. §§26-1-2-714 and 715. The buyer must provide notice to the seller within a reasonable time after discovery of the breach or be

7

precluded from pursuing damages. I.C. ß26-1-2-607(3)(a). This section creates a condition precedent to recovery for warranties created under Uniform Commercial Code. ***McClure Oil Corp. v. Murray Equipment, Inc***., 515 N.E.2d 546, 554 (Ind. App. 1987).

Though Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include nothing more than a "short and plain statement" that the plaintiff is entitled to relief, special matters described in Federal Rule of Civil Procedure 9 represent limited exceptions to the rule. ***Walker v. Thompson***, 288 F.3d 1005, 1007 (7th Cir. 2002). A complaint that lacks an allegation that a condition precedent have been performed fails to state a cause of action. ***Advantage Engineering Inc. V. Burks Pumps, Inc***., No. 93-3883, 1994 WL 317126 at *7 (7th Cir. June 30, 1994). Under Rule 9(c), a plaintiff need only allege generally that all conditions precedent have occurred. ***Redfield v. Continental Casualty Corp***., 818 F.2d 596, 610 (7th Cir. 1987).

It cannot be said that the Jacksons' Complaint fails to plead contract-based claims according to the "short and plain statement" standard. The Complaint alleges that the toaster was subject to express and implied warranties. The Complaint further alleges that Hamilton Beach breached these warranties because the toaster was not of merchantable quality. The Jacksons need not, as Hamilton Beach argues, allege that the toaster "could not toast bread" alongside their allegation that the toaster was not merchantable. Nor were the Jacksons required to delineate in the Complaint their damages to make it clear that the sought after

8

damages included the return of the purchase price of the toaster. Finally, to withstand a motion to dismiss, the Jacksons are not required to recite the terms of an alleged express warranty beyond the statement that the product was covered by such a warranty. The allegations are sufficient to alert Hamilton Beach to the "gravamen of the plaintiff's complaint." *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998).  *See also* *Smith v. BOC Group PLC*, No. 00 C 7909, 2001 WL 477237 at *5-6.  (N.D. Ill. May 04, 2001).

Regarding the requirement to plead notice under Rule 9(c), the Complaint is devoid of even a general allegation that the Jacksons gave notice to Hamilton Beach of the warranty claims prior to filing suit. In briefing, the Jacksons claim that Hamilton Beach was provided notice of the fire and the Jacksons' belief that the toaster was a cause of the fire. However, a belated assertion that the substantive requirement has been met does not cure the Complaint's failure to meet the pleading requirements of Rule 9(c). Consequently, Count II of the Jacksons' Complaint is dismissed without prejudice. *See* *Redfield*, 818 F.2d at 610 ("The appropriate remedy for a plaintiff's failure to allege compliance with conditions precedent is dismissal without prejudice.").

Finally, Hamilton Beach seeks dismissal of the Jacksons' claim under the Magnuson-Moss Warranty Act, 15 U.S.C. ß2301 *et seq*. The Magnuson-Moss Act permits an action by a consumer who "claims to be damaged by the failure of a supplier, warrantor, or

9

service contractor to comply with any obligation under," among others, a written or implied warranty. 15 U.S.C. ß2310(d)(1); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004). The Act is designed to provide a remedy to purchasers of consumer goods harmed by deceptive warranty practices. *Miller v. Willow Creek Homes, Inc*., 249 F.3d 629, 630 (7th Cir. 2001). A consumer under the Act includes "a buyer . . . of any consumer product" as well as  "any other person who is entitled by the terms of such warranty or under applicable State law to enforce against the warrantor . . . the obligations of the warranty." 15 U.S.C. ß 2301(3). Similarly, an implied warranty is defined in pertinent part as "an implied warranty arising under State law." 15 U.S.C. ß2301(7).

Hamilton Beach asserts that because the Jacksonsí claim for breach of warranty (Count II) should be dismissed, they are consequently unable to state a claim under the Magnuson-Moss Warranty Act. The argument is insufficient to support a motion to dismiss. The Jacksons' Complaint alleges that they are buyers under the Act and that the toaster was subject to an "express" warranty. The Jacksons have not used the term "written warranty," and instead allege "express and implied warranties." Affording the Complaint a liberal construction, the court will not conclude that the use of the term "express warranty" excludes written warranties and that no set of facts could be proved consistent with this conclusion.

10

Hamilton Beach also has not shown that the Jacksons are unable to prove any set of facts to support the finding of an implied warranty under Indiana law. In support of their argument, Hamilton Beach relies on cases in which a plaintiff's Magnuson-Moss cause of action was dismissed because the state law warranty never was created due to lack of privity. In contrast, the Jacksons' breach of warranty claim has not been dismissed under the theory that no set of facts could support the finding of an implied warranty. Rather, the Jacksons' failure to plead the independent breach of warranty claim has erected a procedural bar to the cause of action. The conclusion that the Jacksons have not properly plead a state law warranty cause of action, however, does not equate to a conclusion that no implied warranty existed. Under the Indiana version of the Uniform Commercial Code, an implied warranty arises as a matter of law unless effectively disclaimed by the seller. *See* I.C. ß26-1-2-314(1). Hamilton Beach has not argued that they disclaimed the implied warranty in this case. To survive a motion to dismiss, the Jacksons were required to allege only that they were buyers whose purchase was subject to an implied warranty arising under state law. The Jacksons sufficiently meet this requirement. Hamilton Beachís motion to dismiss Count IV is denied.

_____

For the foregoing reasons, the Motion to Dismiss filed by the defendant, Hamilton Beach/Proctor Silex, on August 15, 2005, is **GRANTED** as to Counts I, II  and V and **DENIED** as to Count IV.

11

ENTERED this 7th day of February, 2006

                                         s/ ANDREW P. RODOVICH
                                            United States Magistrate Judge