```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         LAFAYETTE DIVISION


THE CINCINNATI INSURANCE       )
COMPANIES a/s/o GERALD and     )
MERILOU JACKSON, et al.,       )
                               )
          Plaintiffs,          )
                               )
     v.                        )   Case No. 4:05 CV 49
                               )
HAMILTON BEACH/PROCTOR-SILEX,  )
INC., et al.,                  )
                               )
          Defendants           )
```

                           ORDER AND OPINION

This matter is before the court on the Motion to Compel filed by the defendant, Hamilton Beach, on April 9, 2007. For the reasons set forth below, the motion is **GRANTED**.

                              Background

Plaintiffs Gerald and Merilou Jackson purchased a toaster manufactured by defendant Hamilton Beach. On June 30, 2003, the Jacksons' home caught fire while they were toasting a Kellogg's Pop Tart. The fire destroyed the Jacksons' home and personal property. Their insurer, Cincinnati Insurance Companies, paid $277,000 in costs incurred from the fire. After the fire, plaintiff retained Certified Fire Inspector Gregory R. Suse-michel, and consulting engineer Jim Finneran, to investigate the fire. Finneran and Susemichel took photographs of the scene, and Finneran removed an electrical receptacle and branch circuit wiring from the fire scene. The evidence then was transferred to plaintiff's engineering expert, Scott Jones. Several months

later, after the experts ascertained the identity of the manufacturer, Hamilton Beach was notified of the fire and the resulting damages.  The parties agreed upon a protocol to examine the evidence removed from the Jacksons' home.

Finneran, who never was named as a testifying expert, was referred to as an "expert" by Cincinnati in correspondence prior to filing this claim in June 2005.  On April 28, 2006, during a telephonic status conference, the parties agreed that Cincinnati's expert witness disclosures and reports were to be delivered to Hamilton Beach on March 30, 2007.  On April 9, 2007, Hamilton Beach sought to compel a deposition of Finneran. Moreover, the depositions of Jones and Susemichel regarding their reports and opinions about the origin of the fire were scheduled to occur in May, 2007.  Following these depositions, Hamilton Beach filed a supplemental brief in support of its motion to compel Finneran's deposition.

Hamilton Beach seeks to depose Finneran on issues relating to both facts known and opinions held regarding the origin of the fire.  Cincinnati, however, argues that Finneran is a retained expert who will not testify at trial and as such cannot be deposed unless Hamilton Beach can show "exceptional circumstances."

### Discussion

Federal Rule of Evidence 702 provides that an "expert" is one qualified by "knowledge, skill, experience, training, or education."  An expert can testify if it "will assist the trier

2

of fact to understand the evidence or to determine a fact in issue."  Rule 702.  The rule further states that the testimony must be based on "sufficient facts or data" and based on "reliable principles and methods" which are reliably applied to the facts of the case.

A party may only discover facts known or opinions held by an expert specially retained by another party but not expected to testify as a witness at trial upon a showing of "exceptional circumstances." Federal Rule of Civil Procedure 26(b)(4)(B). "Exceptional circumstances" exist when evidence that is essential to a party's claim has since been destroyed or the condition or object observed is not observable by an expert of the party seeking discovery. *Braun v. Lorillard, Inc.*, 84 F.3d 230, 236 (7th Cir. 1996); *Hartford Fire Insurance Company v. Pure Air on the Lake, Ltd.*, 154 F.R.D. 202, 208 (N.D. Ind. 1993); *Delcastor, Inc. v. Vail Associates, Inc.*, 108 F.R.D. 405, 409 (D. Colo. 1985).  Exceptional circumstances also may be found to exist in situations in which the non-testifying expert's report is used as the basis for a testifying expert's testimony.  *Heitmann v. Concrete Pipe Machinery*, 98 F.R.D. 740, 742 (E.D. Mo. 1983).  The moving party has the burden of showing that it cannot obtain the same information it seeks to discover by other means.  *Delcastor*, 108 F.R.D. at 409.  Nevertheless, the party seeking discovery faces a "heavy burden" of proving exceptional circumstances.  *In re Shell Oil Refinery*, 132 F.R.D. 437, 442 (E.D. La. 1990). Because of the nuances of each case's set of facts, whether

3

exceptional circumstances exist must be evaluated on a case-by-case basis.  Rule 26(b)(4)(B).

The parties do not dispute Finneran's status as an "expert." He has specialized knowledge, experience, and training with respect to fire investigation.  Finneran also was responsible for helping to draft the *NFPA 921: Guide for Fire and Explosion Investigations*.  Therefore, Finneran is eligible to testify to both facts and opinions regarding the cause of the fire at issue.

Hamilton Beach also argues that Finneran initially was designated as a testifying expert but later was withdrawn and re-designated as a consulting expert, so the exceptional circumstances test does not apply.  Some courts have held that a party need not demonstrate exceptional circumstances when a party withdraws an expert as a testifying expert and re-designates the expert as a non-testifying expert. ***House v. Combined Insurance Company of America***, 168 F.R.D. 236, 245-46 (N.D. Iowa 1996) (holding that a balancing test should be applied rather than the exceptional circumstances test when the designation of an expert as "likely to testify at trial" is withdrawn).  However, district courts within this circuit have held that the exceptional circumstances test still applies under these circumstances. ***Ross v. Burlington Northern Railroad Company***, 136 F.R.D. 638, 639 (N.D. Ill. 1991) ("Although plaintiff may have originally designated the witness as a testifying expert, plaintiff has the prerogative of changing his mind. Since plaintiff changed his mind before any expert testimony was given in this case, the witness never

4

actually acted as a testifying expert witness."). *See also* **Estate of Manship v. United States**, 240 F.R.D. 229, 235 (M.D. La. 2006).

There is insufficient evidence to show that Finneran was ever designated as a testifying expert, and accordingly, this distinction is not implicated. The only evidence offered by Hamilton Beach is the letters between the parties, sent before the action was filed, which reference Finneran as an expert. However, there is nothing in this correspondence that requires the conclusion that Finneran must be considered a testifying expert rather than a consulting expert.  In one instance, the plaintiff referred generally to the performance of "a forensic and electrical investigation." Next, in a letter accompanying photographs of the fire scene, Finneran is referred to as "expert."  (*See* Motion to Compel Exh. A and B)  Without more concrete evidence that Finneran specifically was designated as an expert expected to testify at trial, such as an official witness list, Hamilton Beach may depose Finneran only under exceptional circumstances.

In support of finding exceptional circumstances, Hamilton Beach argues that it did not have access to the fire scene and cannot discover the same facts and opinions by other means. Hamilton Beach also argues that Finneran's work was relied upon by Cincinnati's other testifying experts as a basis for their reports and testimony.  Regarding the latter argument, Hamilton Beach offers no substantial evidence that Finneran actually collaborated with Susemichel and Jones in order to reach their

5

ultimate conclusions that the toaster caused the fire. However, in support of the first argument, Hamilton Beach proffered sufficient evidence of "exceptional circumstances."

First, Hamilton Beach did not have an opportunity to examine the fire scene and must rely on Cincinnati's experts for information regarding the fire scene.  Finneran investigated the scene after the fire and removed an electrical outlet, some circuit branch wiring, and took several photographs.  Cincinnati argues that because Susemichel and Jones were deposed, Finneran's deposition is unnecessary.  Specifically, Cincinnati argues that because these experts' opinions were not "affected and/or inhibited in any way because Mr. Finneran was not deposed," the need to depose him is without basis. Cincinnati also stated that Hamilton Beach already has had the opportunity to discover "plaintiff's position on liability with respect to the origin and cause of the fire." The question, however, is not whether Cincinnati's other experts can render an opinion without Finneran's deposition. Nor does the question regard discovery of Cincinnati's "position" regarding the cause of the fire. Rather, the issue is whether Finneran has access to information that is otherwise available to Hamilton Beach.

It is clear that Finneran does hold such information. Neither Jones nor Susemichel could provide Hamilton Beach with adequate information concerning the location of the electrical receptacle, whether the toaster was plugged into that electrical receptacle, or why Finneran chose to preserve the branch circuit

6

wiring.  *See* (Exh B, Deposition of Scott Jones pp. 98, 103) and (Exh C, Deposition of Gregory Susemichel pp. 111-112, 115-116) of Supplemental Brief of Motion to Compel.  The items removed from the fire scene are relevant to Hamilton Beach's defense as to the origin of the fire.  Hamilton Beach is not questioning Jones or Susemichel's ability to formulate opinions regarding the origin of the fire.  Rather, Hamilton Beach seeks information from Finneran that these experts were unable to provide. Because of the gaps in Jones' and Susemichel's depositions, Hamilton Beach can obtain the information only with a deposition of Finneran. *See* ***Terre Haute Warehousing Service, Inc. v. Grinnell Fire Protection Systems***, 193 F.R.D. 561, 567 (S.D. Ind. 1999)("Because VFP did not have an opportunity to inspect the fire scene, and that scene has now been irretrievably altered, exceptional circumstances exist justifying VFP in obtaining witnesses' observations of the scene shortly after the fire, including Dr. Ogle's observations if he visited the site.").

_____

For the foregoing reasons, the Motion to Compel filed by the defendant, Hamilton Beach, on April 9, 2007, is **GRANTED**.

 ENTERED this 5th day of September, 2007

　　　　　　　　　　　　　　　　　s/ ANDREW P. RODOVICH
　　　　　　　　　　　　　　　　　United States Magistrate Judge